UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KIMBERLY D. POLLARD and | § | |
| J.S. (MINOR CHILD), | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Case No. 2:16-cv-000238-J |
| v. | § | |
| | § | |
| CHURCH OF GOD IN CHRIST, INC.; | § | |
| CHURCH OF GOD IN CHRIST, | § | |
| BOARD OF BISHOPS; and BISHOP | § | |
| JAMES L'KEITH JONES | § | |
| | § | |
| Defendants. | § | |

## CHURCH OF GOD IN CHRIST, INC.'S
## ORIGINAL ANSWER

Defendant, Church of God in Christ, Inc. (the Church), files its Original Answer as follows:

### I.

### The Church's Answer to Plaintiffs' Original Complaint

1. The Church is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

2. The Church is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

3. The Church admits the allegations in this paragraph.

4. The Church denies that the Board of Bishops is a separate entity that may be served with process. Pursuant to Federal Rule of Civil Procedure 9, the Church specifically denies the legal existence of the Board of Bishops as a party that may be sued. The Board of Bishops is an ecclesiastical body of the Church made up of Bishops who oversee the ecclesiastical activities of local churches in various regions of the United States and around the world. The Board of Bishops are not statutory officers of the Church, and they are not a corporate board of directors. They are purely ecclesiastical.

5. The Church is without knowledge or information sufficient to form a belief as to who represents Bishop L'Keith Jones and whether that attorney is authorized to accept service of process.

**Jurisdiction and Venue**

6. The Church is without knowledge or information sufficient to form a belief as to the state where Plaintiffs reside. The Church admits that Plaintiffs are seeking more than $75,000 in damages, but denies that it is liable to Plaintiffs.

7. The Church is without knowledge or information sufficient to form a belief as to the appropriate venue of this case. The Church denies that it has "multiple churches under its control in this judicial district."

**Background Facts**

8. The Church is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

9. The Church is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

10. The Church admits that it has been an active domestic Tennessee nonprofit corporation. The Church is unclear what the remaining allegations in this paragraph mean and, thus, denies them.

11. The Church denies that the Board of Bishops is an entity, and it denies that Bishop L'Keith Jones was its employee. The Church further denies that Bishop L'Keith Jones was "at all times" acting as its agent. The Church denies the remaining allegations in this paragraph.

12. The Church is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

13. The Church is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

14. The Church admits that it became aware of Plaintiffs' allegations in March 2016 and that it pursued certain ecclesiastic procedures. It denies the remaining allegations in this paragraph.

**First Claim of Relief (Negligence/*Respondeat Superior*)**

15. The Church incorporates its responses to paragraphs 8 through 14.

16. The Church denies the allegations in this paragraph.

17. The Church admits that an internal grievance proceeding was started.

18. The Church admits that an internal grievance proceeding was started.

19. The Church admits that an internal grievance proceeding was started.

20. The Church admits that an internal grievance proceeding was started.

21. The Church admits that an internal, ecclesiastical trial proceeding was not started at that time.

22. The Church denies the allegations in this paragraph.

**Second Claim for Relief (Sexual Abuse of a Child/*Respondeat Minor*)**

23. The Church incorporates its responses to paragraphs 8 through 14.

24. The Church admits that its Bishops have certain enumerated ecclesiastic duties, but it denies that these duties impart a heightened or special duty under Texas law.

25. The Church is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

26. The Church denies that Bishop L'Keith Jones was its employee or was acting within this course and scope of any agency. The Church is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

27. The Church is without knowledge or information sufficient to form a belief as to the Plaintiffs' allegations of "sexual molestation" in this paragraph. The Church denies the remaining allegations in this paragraph.

28. The Church is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

**Third Claim for Relief (Intentional Infliction of Emotional Distress/*Respondeat Minor*)**

29. The Church incorporates its responses to paragraphs 8 through 14.

30. The Church is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

31. The Church denies the allegations in this paragraph.

**Fourth Claim of (sic) Relief (Intentional Infliction of Emotional Distress/*Respondeat Minor*)**

32. The Church incorporates its responses to paragraphs 8 through 14.

33. The Church is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

34. The Church denies the allegations in this paragraph.

## II.

## The Church's Affirmative Defenses

35. This action is barred by the statute of limitations.

36. Kimberly Pollard has failed to take reasonable steps to mitigate her damages.

37. Plaintiffs' claims against the Board of Bishops are barred, in whole or in part, because the Board of Bishops is not a legal entity.

38. Plaintiffs' claims against the Board of Bishops are barred, in whole or in part, because the Board of Bishops is not a proper party to this lawsuit.

39. Further, even if Plaintiff Kimberly Pollard was injured, which the Church specifically denies, the Plaintiff's own conduct was negligent, and this conduct proximately caused the occurrence in question.

40. Plaintiff Kimberly Pollard's claims are barred, in whole or in part by the doctrine of laches.

41. Even if Bishop L'Keith Jones proximately caused any damage to Plaintiffs, which the Church specifically denies, the Church is not liable or responsible for Bishop L'Keith Jones's acts in that he was not acting with the course and scope of any employment provided by the Church and the Church specifically denies that it had any right to control the activities of Bishop L'Keith Jones. Even if his conduct on towards Plaintiffs was the foreseeable and proximate

cause of Plaintiffs' injuries, which the Church denies, that conduct was not the foreseeable result of the Church's conduct in any way.

42. The Church did not cause the occurrence in question or the Plaintiffs' alleged injuries, in that the sole proximate cause of the occurrence in question was an act or omission of another person.

43. Plaintiff has failed to state a claim upon which relief may be granted as to JS.

**Specific Denial as to the Board of Bishops Legal Existence**

44. Pursuant to Federal Rule of Civil Procedure 9, the Church specifically denies the legal existence of the Board of Bishops as a party that may be sued. The Board of Bishops is an ecclesiastical body of the Church made up of Bishops who oversee the ecclesiastical activities of local churches in various regions of the United States and around the world. The Board of Bishops are not statutory officers of the Church, and they are not a corporate board of directors. They are purely ecclesiastical.

### III.

### Conclusion

In conclusion, the Church requests judgment of the court that Plaintiffs take nothing by this suit, and that Church recover all costs together with such other and further relief it may be entitled to.

Respectfully submitted,

By: */s/Justin L. Jeter*
Justin L. Jeter
State Bar No. 24012910
JETER MELDER, LLP
1111 S. Akard Street, Suite 100
Dallas, Texas 75215
Tel: 214.699.4758
Fax: 214.593.3663
Email: justin@jetermelder.com

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been filed with the Clerk of Court on January 12, 2017, using the CM/ECF system and was served on the following:

Jerry G. Matthews
300 West Bedford Street
Dimmitt, TX 79027

Ron McLaurin
1401 Crickets Avenue
Lubbock, TX 79401

By: */s/Justin L. Jeter*
Justin L. Jeter