# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| **KIMBERLY D. POLLARD and** | § | |
| **J.S. (MINOR CHILD),** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Case No. 2:16-cv-000238-J** |
| v. | § | |
| | § | |
| **CHURCH OF GOD IN CHRIST, INC.;** | § | |
| **CHURCH OF GOD IN CHRIST,** | § | |
| **BOARD OF BISHOPS; and BISHOP** | § | |
| **JAMES L'KEITH JONES** | § | |
| | § | |
| **Defendants.** | § | |

# CHURCH OF GOD IN CHRIST, INC.'S
# RULE 26(f) REPORT

Defendant, Church of God in Christ, Inc. (the Church), files its Rule 26(f) Report in accordance with the Court's April 27, 2017 Order to File Report as follows:

## I.

## The Rule 26(f) Conference

On Wednesday, January 25, 2017, Jerry Matthews and Ronald McLaurin (attorneys for the Plaintiffs) and Justin Jeter (attorney for the Church of God in Christ, Inc.) conducted a conference to discuss the matters outlined in Rule 26(f)(2).

**THE CHURCH OF GOD IN CHRIST, INC.'S**
 **RULE 26(f) REPORT - Page 1**

The conference did not include Defendant Jones because he had not appeared in this matter at that time. Among other things, the parties agreed on an orderly exchange of documents, the possibility of settlement, and a discovery plan. Plaintiffs' Report of Rule 26(f) Conference and Discover Plan (ECF 28) accurately reflects these conversations.

## II.

## Discovery Plan

A. The parties did not see any changes that should be made in the timing, form or requirement of disclosures under Rule 26(a). The parties have already exchanged initial disclosures.

B. The parties believed that discovery could be completed within the time frame of the Court's Scheduling Order. The Church has already served some written discovery and requested the Plaintiff's deposition in June. The Church anticipates discovery on topics including the timing and nature of Plaintiff's contacts with Defendant Jones; any diagnoses or treatment related to the alleged contact; any statements that Plaintiff has made to the Church or church officials regarding her contact with Defendant Jones; and, any data supporting or methodology employed in calculating Plaintiff's alleged damages.

C.  The Church does not anticipate any issues about disclosure or discovery of electronically stored information. If, however, Plaintiff has deleted any electronic communications, then a forensic evaluation of her telephone may be requested.

D.  The Church does not anticipate and the parties did not discuss express at their conference any privilege issues at this time.

E.  The Church does not suggest any changes to the limitations on discovery imposed under the Rules.

F.  The Church does not request any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).

## III.

## Status of Settlement

The Plaintiff made a settlement demand this week, and the Church anticipates having a response by early next week. This is the first settlement offer from the Plaintiff.

Respectfully submitted,

**JETER MELDER, LLP**

By: */s/Justin L. Jeter*
    Justin L. Jeter
    State Bar No. 24012910
    1111 S. Akard Street, Suite 100
    Dallas, Texas 75215
    Tel: 214.699.4758
    Fax: 214.593.3663
    Email: justin@jetermelder.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served by electronic mail on April 28, 2017, on the following:

Jerry G. Matthews
300 West Bedford Street
Dimmitt, TX 79027

Ron McLaurin
1401 Crickets Avenue
Lubbock, TX 79401

This is to further certify that a copy of the foregoing was mailed to Defendant Jones by Certified Mail Return Receipt Requested on April 28, 2017.

By: <u>/s/Justin L. Jeter</u><br>Justin L. Jeter