# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

## AMARILLO DIVISION

| | |
|---|---|
| KIMBERLY D. POLLARD and J.S. (A Minor Child), § § §<br>PLAINTIFFS, §<br>vs. §<br>§<br>CHURCH OF GOD IN CHRIST, INC., an §<br>Active Domestic Tennessee Nonprofit §<br>Corporation, and CHURCH OF GOD IN §<br>CHRIST, BOARD OF BISHOPS, and BISHOP §<br>JAMES L'KEITH JONES, §<br>§<br>DEFENDANTS. § | CIVIL ACTION CAUSE NUMBER<br><br>2:16-CV-238-J |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Church of God in Christ, Inc.'s motion, filed August 18, 2017, for summary judgment on the claims asserted in this suit on behalf of J.S., Plaintiffs' response thereto, and the Defendant's reply. For the following reasons, summary judgment for Defendant Church of God in Christ, Inc. is granted.

## Factual Background

This is an action brought on behalf of the alleged victim of a potential sexual assault against the national church by which the future suspected assailant, Bishop James L'Keith Jones, was ordained. A final default judgment against Defendant Jones was entered in the amount of $750,000.00 in damages, plus reasonable and necessary costs in this action. That judgment is now final.

Plaintiffs allege direct liability against the national church – based upon its alleged negligent supervision of Bishop Jones – as well as vicarious liability for Jones' acts of grooming J.S. for some

future sexual assault. Specifically, Plaintiffs assert that the national church knew or should have known of the illicit conduct that Jones had engaged in with Plaintiff Kimberly Pollard because a basic investigation would have revealed those facts and, because Jones allegedly worked for and was ordained by the national church, it is liable for his past misconduct.

As alleged in Plaintiff Kimberly Pollard's complaint and explained in her summary judgment affidavit, Plaintiff states that she had her first sexual encounter with then-pastor Jones in 1995 in New Mexico, when she was 16 years of age. The age of consent is 16 in New Mexico. At some point in time Plaintiff and her daughter moved to Texas. In about 2002, when Plaintiff was 23 years old, she states that she stopped seeing Jones. In November of 2014 – twelve years later – Jones and Plaintiff Pollard, then age 35, began a second, consensual, sexual affair in Texas. Plaintiff ended that affair in or around February of 2016 when she states she realized that Jones was allegedly "grooming" her daughter for a future sexual affair – as she then realized he had groomed her when she was age 15. Specifically, Jones told Pollard that J.S. – then age 6 – was "sexy" in her nightgown and that he would "date" J.S. in the future when she was older.

Pollard first reported the sexual misconduct by Jones to the national office of the church during the summer of 2016. Pollard characterizes Jones's underlying conduct as grooming her daughter for a potential future sexual assault, sexual abuse, and/or sexual molestation of a minor, her daughter, similar to the multiple assaults against her that continued well into Plaintiff Kimberly Pollard's adulthood.

## Summary Judgment Standards

"The Court may terminate litigation by rendering a summary judgement where no genuine issue of material fact exists and the moving party is entitled to judgement as a matter of law."

2

*Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987)(citations omitted). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)(initial burden is on movant to show entitlement to summary judgment with competent evidence); Fed. R. Civ. Pro. 56©./[1] "Summary judgement disposition is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions." *Honore v. Douglas*, 833 F.2d at 567. This Court must resolve "all factual uncertainties and mak[e] all reasonable inferences in favor of the nonmoving party." *See id. Accord Bienkowski v. American Airlines*, 851 F.2d 1503, 1504 (5th Cir. 1988)./[2] Such a finding may be supported by the absence of evidence necessary to establish an essential element of the non-moving party's case. *See Celotex Corp.* 477 U.S. at 322; *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 954 U.S. 1125, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

## Discussion and Analysis

Plaintiff Pollard pleads that Jones made one inappropriate comment to J.S. about how sexy she looked in her nightgown. Plaintiffs' complaint states that Jones made a comment to Kimberly Pollard – not directly to J.S. – about Jones dating J.S. when she turned 18. There is no allegation in the complaint, no evidence in the record before the Court, and no testimony in Kimberly Pollard's affidavit stating that Jones made any other inappropriate comment to J.S. or that he touched her

---

[1] A material fact issue is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The substantive law governing the case will identify which facts are material. *Id.*, 477 U.S. at 249, 106 S.Ct. at 2510. *See Bache v. American Tel. and Tel. Co.*, 840 F.2d 283, 287 (5th Cir.), *cert. denied*, 488 U.S. 888, 109 S.Ct. 219, 102 L.Ed.2d 210 (1988).

[2] However, "[t]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Liberty Lobby*, 477 U.S. at 249, 106 S.Ct. at 2511 (citations omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* (citations omitted).

inappropriately. A single inappropriate comment – even with Pollard's real and valid belief that Jones was grooming her daughter for a future sexual relationship – do not constitute an overt act of now-actionable sexual assault as that conduct is defined by Texas law. Plaintiffs, both citizens of Texas, do not plead or argue that any other state's law applies under the facts of this case.

As to the church's vicarious liability, that theory of liability centers around the relationship between a tortfeasor's alleged misbehavior and the work he was hired to do. Under the doctrine of *respondeat superior*, an employer is liable for an employee's torts if: (1) his acts were within the employee's general authority; (2) the acts were in furtherance of the employer's business; and (3) the acts were aimed to accomplish the employment objectives for which the employee was hired. *See Minyard Food Stores v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002). If the employee was acting within the course and scope of his employment at the time he committed the wrongful acts, liability for the act is imputed to the employer. *See Baptist Mem'l Hospital v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998). However, employers generally are not liable for an employee's "purely personal" pursuits or "errands of his own," "doing nothing to further the master's business or to accomplish the object for which he was employed." *See Mitchell v. Ellis*, 374 S.W.2d 333, 336 (Tex. Civ. App. – Fort Worth 1963, *writ ref'd*). *Cf. Hein v. Harris Co.*, 557 S.W.2d 366, 368 (Tex. Civ. App. – Houston [1st Dist.] 1977, *writ ref'd n.r.e.*)(("The rule is that when a servant turns aside, no matter how short the time, from the prosecution of the master's work to engage in an affair wholly his own, he ceases to act for the master, and the responsibility for his actions in pursuing his own business or pleasure is upon him alone.")(*citing Texas & P. Ry. Co. v. Hagenloh*, 151 Tex. 191, 247 S.W.2d 236 (1952)).

Therefore, assuming Jones was a national church employee, and without needing to consider Defendant' legal contentions that Jones actually was not its employee, the clear Texas rule is that

4

even if Jones was a national church employee, the church as his employer is not liable for employee Jones' wrongful acts if and when he as an employee strayed from his employer's work for a purely personal pleasure or pursuit. *See Southwest Dairy Products Co. v. De Frates,* 132 Tex. 556, 559, 125 S.W.2d 282, 283 (1939).

Pollard's assault claims on behalf of J.S. therefore can not trigger vicarious liability upon the church unless the church somehow ratified his wrongful actions. "In Texas it is not within the scope of a servant's authority to commit an assault on a third person." *Geiger v. Varo, Inc.,* 1994 WL 246159, *5 (Tex. App. – Dallas, June 6, 1994, *writ denied*)(citing *Green v. Jackson,* 674 S.W.2d 395, 398 (Tex. App. – Amarillo 1984, *writ ref'd n.r.e.*)). Here, Pollard complains of "sexual abuse," "sexual molestation" and other intentional misbehavior by Jones. The national church is not vicariously liable for these intentional torts which, on the basis of the facts pled, were personal pursuits of J.S. by Jones and no contention is pled, argued or briefed that the national church somehow ratified his actions. Plaintiff cites to no evidence showing Jones' wrongful acts were done for other than his own personal pursuits, or were done on behalf of or pursuant to the national church's directions or business needs, or were within the scope of any express authority delegated to him by the national church, or were somehow ratified at any time by the church.

Plaintiff's arguments in response to Defendant' summary judgment motion fails to cite or discuss any substantive law or evidence which would permit this Court to deny summary judgment. Plaintiffs fail to argue that any other law applies. Plaintiffs' response fails to show a genuine issue of material fact evidencing that the Defendant do not have a valid defense, as pled and argued by the Defendant under the undisputed facts of this case.

## Conclusions

The party seeking summary judgment has shown an entitlement to summary judgment pursuant to Rule 56. Defendant Church of God in Christ, Inc. Is entitled to judgment on Plaintiff J.S.' claims because vicarious liability does not attach to the national church for Jones' personal pursuits of Plaintiff J.S. outside the scope of his employment, even if he was an employee or agent of the national church (which the Defendant disputes and the Court does not, and need not, decide).

For all of those reasons, the Defendant's motion for summary judgment against all of Plaintiff J.S.' claims and causes of action is therefore granted.

It is SO ORDERED.

Signed this the ____9th____ day of November, 2017.

s/ Mary Lou Robinson
**MARY LOU ROBINSON**
SENIOR UNITED STATES DISTRICT JUDGE