# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| KIMBERLY D. POLLARD and J.S. (A Minor Child), § § PLAINTIFFS, § § vs. § § CHURCH OF GOD IN CHRIST, INC., an § Active Domestic Tennessee Nonprofit § Corporation, and CHURCH OF GOD IN § CHRIST, BOARD OF BISHOPS, and BISHOP § JAMES L'KEITH JONES, § § DEFENDANTS. § | CIVIL ACTION CAUSE NUMBER 2:16-CV-238-J |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Church of God in Christ, Inc.'s motion, filed August 18, 2017, for summary judgment, Plaintiff Kimberly Pollard's response thereto, and the Defendant's reply. Because the statute of limitation ran upon Plaintiff's claims long before this lawsuit was filed, summary judgment for the Defendant is granted.

## Factual Background

This is an action brought by the alleged victim of a sexual assault against the national church by which the assailant, Bishop James L'Keith Jones, was ordained. A final default judgment against Defendant Jones was entered in the amount of $750,000.00 in damages, plus reasonable and necessary costs in this action. That judgment is now final.

Plaintiff Kimberly Pollard alleges direct liability against the national church – based upon its alleged negligent supervision of Bishop Jones – as well as vicarious liability for Jones' sexual assaults. Specifically, she asserts that the national church "knew or should have known of the illicit

conduct that [] Jones was engaging in with Plaintiff Pollard because a basic investigation would have revealed these facts" and, because Jones allegedly worked for and was ordained by the national church, it is liable for his misconduct.

As alleged in Plaintiff Pollard's complaint and explained in her summary judgment affidavit, Plaintiff states that she had her first sexual encounter with then-pastor Jones in 1995 in New Mexico, when she was 16 years of age. The age of consent is 16 in New Mexico. In about 2002, when Plaintiff was 23 years old, she states that she stopped seeing Jones and "[their] communication came to a halt, with phone calls, emails and texts on each other's birthdays" or just "small talk" conversations "here and there." In November of 2014 – twelve years later – Jones and Plaintiff Pollard, then age 35, began a second, consensual, sexual affair in Texas. Plaintiff ended that affair in 2016 when she states she realized that Jones would not divorce his wife and marry her, and was allegedly "grooming" her daughter for a future sexual affair – as she then realized he had groomed her when she was a minor. Jones married his current wife before 2002, during the course of Plaintiff's first affair with him.

Pollard first reported the sexual misconduct by Jones to the national office of the church during the summer of 2016. Pollard characterizes Jones's underlying conduct as sexual assault, sexual abuse, and sexual molestation of a minor, where multiple assaults continued well into Plaintiff's adulthood.

### Summary Judgment Standards

"The Court may terminate litigation by rendering a summary judgement where no genuine issue of material fact exists and the moving party is entitled to judgement as a matter of law." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987)(citations omitted). *See also Celotex Corp.*

v. *Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)(initial burden is on movant to show entitlement to summary judgment with competent evidence); Fed. R. Civ. Pro. 56(c)./[1] "Summary judgement disposition is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions." *Honore v. Douglas,* 833 F.2d at 567. This Court must resolve "all factual uncertainties and mak[e] all reasonable inferences in favor of the nonmoving party." *See id. Accord Bienkowski v. American Airlines,* 851 F.2d 1503, 1504 (5th Cir. 1988)./[2] Such a finding may be supported by the absence of evidence necessary to establish an essential element of the non-moving party's case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 82, 121 L.Ed.2d 265 (1986); *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.), *cert. denied,* 954 U.S. 1125, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

## Discussion and Analysis

Assuming Plaintiff Pollard properly alleges a non-consensual sexual assault cause of action, the Texas statute of limitations for personal injury in such sexual assault cases is five years beginning from when the cause of action accrued. *See* Tex. Civ. Prac. & Rem. Code Section 16.0045(a). However, the statute of limitations is tolled until a minor plaintiff turns eighteen. *Id.* Therefore Plaintiff's limitations period began to run on January 29, 1997, when she turned eighteen. Pollard's

---

[1] A material fact issue is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The substantive law governing the case will identify which facts are material. *Id.,* 477 U.S. at 249, 106 S.Ct. at 2510. *See Bache v. American Tel. and Tel. Co.,* 840 F.2d 283, 287 (5th Cir.), *cert. denied,* 488 U.S. 888, 109 S.Ct. 219, 102 L.Ed.2d 210 (1988).

[2] However, "[t]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Liberty Lobby,* 477 U.S. at 249, 106 S.Ct. at 2511 (citations omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* (citations omitted).

3

sexual assault-based claims accrued when each sexual assault occurred. By Plaintiff's admission, they completely ended in 2002 when she terminated the first affair with Jones, when she was age 23.

Pollard complains of conduct occurring in two multi-year time periods, which were separated by twelve years: from 1995 into 2002, and beginning again in 2014 until finally ending in 2016. Pursuant to Texas' five-year limitations period for sexual assault-based claims, all of her sexual assault-based claims related to Jones' misconduct occurring between 1995 and 2002 therefore expired at the latest sometime during 2007. She filed this lawsuit in 2017 – approximately nine years too late. The summary judgment evidence in this record reflects that the parties' conduct during the second time period, from 2014 and ending in 2016, was consensual and occurred when the Plaintiff was in her mid-thirties, and still willing and hoping to marry then-Bishop Jones.

Pollard claims that she did not discover the causal connection between Jones' sexual abuse and her depression and other emotional injuries she suffered until 2016, when she first realized she had been "groomed" as a minor by Jones for their affair and that the affair had caused her ongoing mental depression. However, in Texas a sexual assault is an impermissible and intentional invasion of the victim's person, and is an injury then actionable independently from resulting mental suffering or other physical injury. *See Doe v. St. Stephen's Episcopal Sch.*, 382 Fed. Appx. 386, 389 (5th Cir. 2010) (quoting *Harned v. E-Z Fin. Co.*, 151 Tex. 641, 254 S.W.2d 81, 85 (Tex. 1953)).

It is undisputed that Pollard has not pled that Jones's conduct was a tort continuing into 2014 and through 2016, given the 12 year complete absence of a sexual relationship between 2002 and into 2014. She has not argued that any other state's law applies under the facts of this case.

As to the church's vicarious liability, that theory of liability centers around the relationship between a tortfeasor's alleged misbehavior and the work he was hired to do. Under the doctrine of *respondeat superior*, an employer is liable for an employee's torts if: (1) his acts were within the

employee's general authority; (2) the acts were in furtherance of the employer's business; and (3) the acts were aimed to accomplish the employment objectives for which the employee was hired. *See Minyard Food Stores v. Goodman,* 80 S.W.3d 573, 577 (Tex. 2002). If the employee was acting within the course and scope of his employment at the time he committed the wrongful acts, liability for the act is imputed to the employer. *See Baptist Mem'l Hospital v. Sampson,* 969 S.W.2d 945, 947 (Tex. 1998). However, employers generally are not liable for an employee's "purely personal" pursuits or "errands of his own," "doing nothing to further the master's business or to accomplish the object for which he was employed." *See Mitchell v. Ellis,* 374 S.W.2d 333, 336 (Tex. Civ. App. – Fort Worth 1963, *writ ref'd*). *Cf. Hein v. Harris Co.,* 557 S.W.2d 366, 368 (Tex. Civ. App. – Houston [1st Dist.] 1977, *writ ref'd n.r.e.*)(("The rule is that when a servant turns aside, no matter how short the time, from the prosecution of the master's work to engage in an affair wholly his own, he ceases to act for the master, and the responsibility for his actions in pursuing his own business or pleasure is upon him alone.")(*citing Texas & P. Ry. Co. v. Hagenloh,* 151 Tex. 191, 247 S.W.2d 236 (1952)).

Therefore, assuming Jones was a national church employee, and without needing to consider Defendant's legal contentions that Jones actually was not its employee, the clear Texas rule is that even if Jones was a national church employee, the church as his employer is not liable for employee Jones' wrongful acts if and when he as an employee strayed from his employer's work for a purely personal pleasure or pursuit. *See Southwest Dairy Products Co. v. De Frates,* 132 Tex. 556, 559, 125 S.W.2d 282, 283 (1939).

Pollard's assault claims therefore can not trigger vicarious liability upon the church unless the church somehow ratified his wrongful actions. "In Texas it is not within the scope of a servant's authority to commit an assault on a third person." *Geiger v. Varo, Inc.,* 1994 WL 246159, *5 (Tex.

5

App. – Dallas, June 6, 1994, *writ denied*)(*citing Green v. Jackson,* 674 S.W.2d 395, 398 (Tex. App. – Amarillo 1984, *writ ref'd n.r.e.*)). Here, Pollard complains of "sexual abuse," "sexual molestation" and other intentional misbehavior by Jones. The national church is not vicariously liable for these intentional torts which, on the basis of the facts pled, were personal pursuits of her by Jones and no contention is pled, argued or briefed that the national church somehow ratified his actions. Plaintiff cites to no evidence showing Jones' wrongful acts were done for other than his own personal pursuits, or were done on behalf of or pursuant to the national church's directions or business needs, or were within the scope of any express authority delegated to him by the national church, or were somehow ratified at any time by the church.

Finally, the range of possible Texas limitations periods for her causes of action are either one year for breach of a promise of marriage, *see Texas Civil Practices & Rem. Code § 16.002(a)*, two years for a personal injury claim caused by negligence, *id.* at § 16.003(a), four years if some applicable form of fraud, which Plaintiff has not pled, *id.* at § 16.004(a)(4), or five years for sexual assault of a child under the age of 17 but older than the age of 14. *Id.* at §16.0045(b)(1). Plaintiff's vicarious liability/negligent supervision claim is therefore also barred by limitations.

In response to the Defendant's limitations defense, Plaintiff states only that "Plaintiffs do not believe that current applicable law – the statute of limitations – contemplates suit based on Jones' sexual abuse of Pollard when she was a minor." That belief is not well-founded. Texas' limitations statutes specifically addresses sexual abuse of a minor cases. The specific limitations for personal injury in sexual assault cases of a minor over the age of 14 is five years from when the cause of action accrues. Further, Texas law expressly provides that the statute of limitations is tolled until the Plaintiff here turned eighteen. Plaintiff's sole argument does not meaningfully respond to those statutory provisions, fails to cite or discuss any substantive law, fails to argue that any other law

applies, and fails to make a meaningful argument. Plaintiff's response fails to show a genuine issue of material fact evidencing that limitations is not a valid defense, as pled and argued by the Defendant under the undisputed facts of this case.

## Conclusions

The party seeking summary judgment has shown an entitlement to summary judgment pursuant to Rule 56. Defendant Church of God in Christ, Inc. Is entitled to judgment because limitations has clearly run on all of Plaintiff Kimberly Pollard's claims and, in addition, vicarious liability does not attach to the national church for Jones' personal pursuits of the Plaintiff outside the scope of his employment, even if he was an employee or agent of the national church (which the Defendant disputes and the Court does not, and need not, decide).

For all of those reasons, the Defendant's motion for summary judgment against all of Plaintiff Kimberly Pollard's claims and causes of action is therefore granted.

It is SO ORDERED.


Signed this the ____9th_____ day of November, 2017.


s/ Mary Lou Robinson
**MARY LOU ROBINSON**
SENIOR UNITED STATES DISTRICT JUDGE