## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| **KIMBERLY D. POLLARD and** | § | |
| **J.S. (MINOR CHILD),** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Case No. 2:16-cv-000238-J** |
| **v.** | § | |
| | § | |
| **CHURCH OF GOD IN CHRIST, INC.;** | § | |
| **CHURCH OF GOD IN CHRIST,** | § | |
| **BOARD OF BISHOPS; and BISHOP** | § | |
| **JAMES L'KEITH JONES** | § | |
| | § | |
| **Defendants.** | § | |

---

## CHURCH OF GOD IN CHRIST, INC.'S
## BRIEF REGARDING BOARD OF BISHOPS

---

Defendant, Church of God in Christ, Inc. (the Church), pursuant to the Court's

November 16, 2017 Briefing Order (ECF 58), files its Brief Regarding Board of

Bishops as follows:

## I.

## Issues Presented

Plaintiffs allege one claim against the Church's ecclesiastical Board of Bishops: negligent supervision of Defendant Jones. Notably, Plaintiffs' negligent supervision claim against the Church's ecclesiastical Board of Bishops is based on the *same underlying facts* as the properly dismissed claim against the Church. This claim fails because (a) the Board of Bishops is not suable, and (b) limitations bars the negligent supervision claim.

## II.

## The Board of Bishops is Not a Suable Entity

Since the Church's first appearance in this case, it has asserted that its ecclesiastical Board of Bishops is not a suable entity. Rather, it is merely an ecclesiastical body within the Church. The Church first raised this issue in its Motion to Set Aside Default. In fact, the Church's Motion to Set Aside Default provides the only evidence before the Court on this issue. In an affidavit attached to its Motion to Set Aside, the Church's General Counsel testified that:

- The Board of Bishops was not a legal or separate entity;

- The Board of Bishops were not statutory officers;

- The Board of Bishops were not a corporate board of directors; and

- The Board of Bishops is purely ecclesiastical.[1]

Simply put, the Board of Bishops is not a separately formed, legal entity. Although Plaintiffs responded to the Motion to Set Aside, they did not controvert any of these statements. In fact, they did not even address the existence of the Church's ecclesiastical Board of Bishops.

After the Court granted the Church's Motion to Set Aside, the Church's Original Answer continued maintaining that its ecclesiastical Board of Bishops was not suable. In multiple places within its Original Answer, the Church specifically denied that the Board of Bishops was a separate entity or even a legal entity.[2] The Church further raised this issue within its Affirmative Defenses.[3]

The Church's ecclesiastical Board of Bishops is not a corporation. The Plaintiffs did not plead that it was a corporation in their Original Petition.[4] And, the Church specifically denied that it was a corporation.[5] Again, it is not a separate, suable entity as reflected by the uncontroverted evidence before the Court. Consequently, the Church respectfully moves the Court to dismiss its ecclesiastical Board of Bishops.

---

[1] *See* Affidavit of Uleses C. Henderson, Jr. in Support of Defendants' Motion to Set Aside the Entry of Default and Brief in Support, ECF 12-1, p. 00002,
[2] *See* Church of God in Christ, Inc.'s Original Answer, ECF 16, paras. 4 and 44.
[3] *See id.* at para. 37.
[4] *See* Plaintiffs' Original Complaint, p. 1, para. 4.
[5] *See* Church of God in Christ, Inc.'s Original Answer, ECF 16, paras. 4 and 44.

**CHURCH OF GOD IN CHRIST, INC.'S**
**BRIEF REGARDING BOARD OF BISHOPS - Page 3**

**III.**

**Limitations Bars Any Negligent Supervision Based on the Alleged Conduct**

This Court has correctly determined that limitations long ago barred Plaintiffs' negligent supervision claim, and, accordingly, it dismissed the claim.[6] Notably, Plaintiffs' negligent supervision claim against the Church's ecclesiastical Board of Bishops (assuming it is a suable entity) is based on *the same underlying facts* suffering the same fatal flaw – Plaintiff brought suit many years too late. Consequently, the Board of Bishops is entitled to the same dismissal.

The statute of limitations applies in a simple, straightforward way that bars Plaintiffs' negligent supervision claim. First, Plaintiffs pled the same the negligent supervision claim against the Church as it did against the Church's ecclesiastical Board of Bishops. Specifically, Plaintiff alleged: "COGIC, INC (sic) and Church of God in Christ Board of Bishops was negligent in its supervision of Bishop Jones throughout the 20 year affair with Plaintiff Pollard."[7] Plaintiffs based this claim –

---

[6] *See* Memorandum Opinion and Order Granting Defendant's Motion for Summary Judgment, ECF 57.
[7] Plaintiffs' Original Complaint, ECF 1, p. 3, para. 16.

**CHURCH OF GOD IN CHRIST, INC.'S**
**BRIEF REGARDING BOARD OF BISHOPS - Page 4**

whether against the Church or its ecclesiastical Board of Bishops – on Defendant Jones's alleged misconduct "throughout the 20 year affair with Plaintiff Pollard."[8]

As this Court noted, limitations bars any negligent supervision claims based on Defendant Jones's alleged conduct:

> Pursuant to Texas' five-year limitations period for sexual assault-based claims, all of her sexual assault-based claims related to Jones' misconduct occurring between 1995 and 2002 therefore expired at the latest sometime during 2007.[9]

These are the *only* sexual assault-based claims in the lawsuit, and they are the *only* basis for a negligent supervision claim. Consequently, limitations bars any claims based on this same conduct – including Plaintiffs' ostensible claims against the Church's ecclesiastical Board of Bishops.

## V.

## Conclusion

The Church respectfully asks the Court to dismiss Plaintiffs' claims against its ecclesiastical Board of Bishops because (a) the Board of Bishops is not a suable entity, and (b) limitations bars Plaintiffs' ostensible negligent supervision claim against the Board of Bishops because it is based on the same limitations-barred underlying conduct, and award any further relief the Church is entitled to.

---

[8] *Id.*

[9] Memorandum Opinion and Order Granting Defendant's Motion for Summary Judgment, ECF 57, p. 4.

Respectfully submitted,

By: */s/Justin L. Jeter*
      Justin L. Jeter
      State Bar No. 24012910
      JETER MELDER, LLP
      1111 S. Akard Street, Suite 100
      Dallas, Texas 75215
      Tel: 214.699.4758
      Fax: 214.593.3663
      Email: justin@jetermelder.com

**ATTORNEY FOR THE CHURCH**

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been filed with the Clerk of Court on November 24, 2017, using the CM/ECF system and was served on the following:

Jerry G. Matthews
300 West Bedford Street
Dimmitt, TX 79027

Ron McLaurin
1401 Crickets Avenue
Lubbock, TX 79401

By: */s/Justin L. Jeter*
      Justin L. Jeter